This case involves a malicious prosecution action by Leland Evans against Alabama Professional Health Consultants, Inc. (APHC) and Henry Huguley. A motion to dismiss requested by the defendants was granted by the trial court. Evans's motion for reconsideration was denied. We affirm.
The facts are as follows:
On 28 October 1980, APHC filed suit against Evans, alleging "sabotage of contract and property rights under insurance policies sold by [APHC]." This suit culminated on 3 August 1983 with a stipulation of dismissal, with prejudice, entered into and signed by all parties. Each party agreed to bear his own costs.
On 22 March 1984, Evans filed suit in the Circuit Court of Montgomery County, alleging malicious prosecution by APHC and Huguley. On 27 April 1984, the trial judge granted a motion to dismiss in favor of the defendants. Evans then amended and refiled his complaint. The trial judge, treating this amended complaint as a motion for reconsideration, again dismissed the claim. Evans appeals.
In order for a plaintiff to maintain an action for malicious prosecution, the following elements are essential: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for *Page 88 
the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of. Turner v. J.Blach Sons, 242 Ala. 127, 129, 5 So.2d 93, 94 (1941).
A suit for malicious prosecution is an action not favored in the law. Boothby Realty Co. v. Haygood, 269 Ala. 549,114 So.2d 555 (1959). Accordingly, malicious prosecution actions face stringent limitations. American Surety Co. v. Pryor, 217 Ala. 244,115 So. 176 (1927); see also Jordan v. Empiregas, Inc. ofBelle Mina, 337 So.2d 732 (Ala. 1976). In Boothby Realty Co., Justice Merrill explained this position:
 "One of the reasons for this rule is that public policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge. If this were not the case, a large proportion of unsuccessful civil actions would be followed by suits for malicious prosecution, and there would be a piling of litigation on litigation without end. Burt v. Smith, 181 N.Y. 1, 73 N.E. 495; Gore v. Condon, 87 Md. 368, 39 A. 1042, 40 L.R.A. 382, 67 Am.St.Rep. 352; Owens v. Graetzel, 149 Md. 689, 132 A. 265."
Boothby Realty Co. v. Haygood, 269 Ala. 549, 554,114 So.2d 555, 559 (1959).
The issue presented is whether a stipulation of dismissal entered into in a prior proceeding, and signed by all parties, is a termination of judicial proceedings in favor of the plaintiff for purposes of maintaining a subsequent malicious prosecution suit. We conclude that it is not.
A stipulation is defined as a "voluntary agreement betweenopposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues." Black's Law Dictionary 1269 (rev. 5th ed. 1979), quoting Arrington v. State, 233 So.2d 634, 636 (Fla. 1970). (Emphasis added.) Stipulation of dismissal of an action may be made pursuant to Rule 41 (a)(1)(ii), ARCP, if the stipulation is signed by all parties who have appeared in the action.
It cannot be that such a stipulation is a "final determination in favor of the plaintiff" for purposes of a malicious prosecution suit. Such a stipulation of dismissal is more in the nature of a settlement agreement, compromising the interests of both parties, but "in favor" of neither party.
Courts look with favor on settlements, Maddox v. Druid CityHospital Board, 357 So.2d 974, 975 (Ala. 1978), and find no favor with malicious prosecution actions, Boothby Realty Co.,supra.
In fact, this court has held that where dismissal of a claim is part of a settlement agreement, such termination of the proceedings is not favorable to the plaintiff in all respects, and no malicious prosecution action will lie. Wilson v. Brooks,369 So.2d 1221 (Ala. 1979).
Likewise, we hold today, that under the facts presented, a Rule 41 (a)(1)(ii) voluntary dismissal is not a "termination in favor of the plaintiff" for purposes of maintaining a malicious prosecution action. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.