This is a malicious prosecution case.
After an ore tenus hearing, the Houston County Circuit Court entered a judgment in favor of the plaintiff in the amount of $6,000.
The defendants appeal, and we affirm in part and reverse in part.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed:
On August 4, 1980, the defendants, Garland Thompson and Garlynda Thomason, attended a condemnation hearing held before the Houston County Probate Judge. During the hearing defendant Thompson was disruptive to the point that the hearing was adjourned. Shortly after leaving the hearing, defendant Thompson became involved in an altercation with Houston County Deputy Sheriff Frank Meadows in the lobby of the courthouse. While Meadows tried to subdue defendant Thompson, he was hindered by Thompson's daughter, defendant Thomason. Meadows was kicked and verbally assaulted with obscene language by defendant Thomason.
During the altercation between Deputy Meadows and the defendants, plaintiff Gary Kinney, a police officer with the City of Dothan, entered the courthouse lobby. Plaintiff proceeded to provide Meadows with assistance. Plaintiff identified himself to defendant Thomason as a police officer (plaintiff was in street clothes) and asked her to cease her actions. When defendant persisted, plaintiff advised her that she was under arrest. After resisting plaintiff's efforts to place her under arrest, defendant was finally subdued and charged with disorderly conduct and resisting arrest. *Page 444 
Defendant Thompson was charged with disorderly conduct, assault, and escape.
After their conviction in the Houston County District Court, the defendants appealed to the circuit court. However, before the defendants' case was heard in circuit court, an agreement was reached between the district attorney's office and counsel for the defendants. This agreement resulted in the charges against the defendants being nol-prossed in return for defendants' agreement not to bring a civil action.
On August 3, 1981, defendants filed an action under42 U.S.C.A. § 1983 (West Supp. 1985) in federal court, alleging assault and battery, unlawful arrest, and humiliation. Plaintiff Kinney was named a defendant in this action. On February 25, 1982, defendant Thompson was allowed to withdraw as a plaintiff in the case. On November 23, 1982, judgment was entered in federal court in favor of plaintiff, Gary Kinney, who was the defendant in that action. No appeal was taken from this decision. The plaintiff then instituted this action, to wit, plaintiff sued defendants Thompson and Thomason for malicious prosecution.
The defendants, through able counsel, raise several contentions on appeal: (1) that the plaintiff failed to prove the necessary elements of a malicious prosecution claim, (2) that the trial court erred in its judgment because all actions taken by defendants were taken on advice of counsel, and (3) that the trial court erred in denying defendant Thompson's motion for summary judgment based upon the running of the statute of limitations. We agree in part and disagree in part.
It is first important to note that the essential elements to recover in a malicious prosecution action are (1) a judicial proceeding, (2) initiated by the defendant(s), (3) without probable cause, (4) with malice on the part of the defendant(s), (5) termination of the judicial proceedings favorable to the plaintiff, and (6) damages. Kitchens v.Winn-Dixie Montgomery, Inc., 456 So.2d 45 (Ala. 1984); GulfStates Paper Corp. v. Hawkins, 444 So.2d 381 (Ala. 1983);Reynolds v. McEwen, 416 So.2d 702 (Ala. 1982); AAA Employment,Inc. v. Weed, 457 So.2d 428 (Ala.Civ.App. 1984). If any of these elements are missing, the result is fatal to the action.
Defendants contend that they were due to be granted a directed verdict in that plaintiff failed to prove the elements of a malicious prosecution action as outlined above.
We note that there can be no dispute that a judicial proceeding was initiated by the defendants against the plaintiff. Further, this judicial proceeding was terminated with a judgment in favor of the plaintiff against defendant Thomason. However, as earlier noted, defendant Thompson was voluntarily dismissed as a plaintiff in the § 1983 action.
In a recent case, our supreme court has determined that a "voluntary dismissal is not a `termination in favor of the plaintiff' for purposes of maintaining a malicious prosecution action." Evans v. Alabama Professional Health Consultants,Inc., 474 So.2d 86, 88 (Ala. 1985). While we observe that the voluntary dismissal in Evans was by stipulation, we can find no facts in the instant case that would persuade us that a voluntary dismissal without prejudice under Rule 41 (a)(2), Federal Rules of Civil Procedure, should be viewed differently. In view of the above, we conclude that there was no termination of judicial proceedings in favor of the plaintiff with regard to defendant Thompson; therefore, the malicious prosecution action against him cannot be sustained.
The remaining defendant, Thomason, contends that she did have probable cause to institute a cause of action against the plaintiff in that she had secured the advice of counsel with whom, she contends, she had made a full and fair disclosure of all the facts and circumstances known to her.
We agree that advice of counsel is a complete defense to a malicious prosecution *Page 445 
action if such advice is given after a full and fair disclosure of all the facts known to the defendants. See Hanson v. Couch,360 So.2d 942 (Ala. 1978); Gamble v. Webb Quarterback Club,386 So.2d 455 (Ala.Civ.App.) cert. denied, 386 So.2d 459 (Ala. 1980). Whether a full and fair disclosure was made to counsel is, in this instance, a question for the trier of fact to determine. Broussard v. Brown, 353 So.2d 804 (Ala.Civ.App. 1978).
The record does not support the defendant's contention of a full and fair disclosure of all the facts to her counsel. The record is replete with instances where defendant's allegations are contradicted by other testimony. We find particularly pertinent to this issue the contradictory testimony of the facts surrounding the circumstances that led to the arrest of defendant Thomason. Defendant contends that she was arrested for public statements made with regard to the arrest of her father. However, the overwhelming evidence reveals that the defendant was arrested for her persistent refusal to cease interfering with the arrest of her father and continued refusal to step back and stop cursing. Defendant's continuous denial of these facts in the face of numerous witnesses' testimony to the contrary can lead only to the conclusion that she did not fully and fairly disclose the events in question to her counsel. Therefore, the advice of counsel does not support a finding of probable cause.
The defendant further contends in support of her argument for a directed verdict that the plaintiff failed to prove the presence of malice on the part of the defendant in bringing an action against the plaintiff. We cannot agree.
Malice, for purposes of a malicious prosecution action, may be inferred from want of probable cause. Kitchens, 456 So.2d at 47; S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala. 1977). Malice may also be inferred from circumstances surrounding and attending prosecution. This is because malice is incapable of positive, direct proof and must out of necessity be rested on inferences and deductions from facts which are heard by the trier of fact. National Security Fire Casualty Co. v. Bowen,447 So.2d 133 (Ala. 1983).
We note that an ore tenus hearing was conducted in this case. It is an elementary rule of law that needs no citation of authority that we will not substitute our findings for that of the court in the absence of clear and palpable error.
We find that there was ample support for the trial court's determination of malice. We note that the trial court's judgment was based upon a finding of no probable cause for the institution of the defendant's § 1983 action. Further, we find that the trial court could have inferred malice from the actions of the defendant in the breaching of an agreement reached with the district attorney's office that she would not bring a civil action against plaintiff in return for her criminal case being nol-prossed. Malice could also be inferred from testimony given by the defendant that can best be described as imaginative.
Therefore, we find that, given the lack of probable cause and the attendant presumption which arises therefrom and the aforementioned facts, a finding by the trial court of malice on the part of the defendant in instituting her § 1983 suit is without error.
Finally, with regard to defendant's motion for a directed verdict, defendant contends that plaintiff failed to show any damages as a result of defendant's § 1983 suit. We disagree.
It is a settled rule of law in Alabama that damages suffered as a result of mental distress are recoverable in an action for malicious prosecution. United States v. Fidelity Guaranty Co.v. Miller, 218 Ala. 158, 117 So. 668 (1928).
Plaintiff presented a great deal of evidence relating to the mental distress he suffered as a result of the suit prosecuted by defendant. The mental anxiety suffered by plaintiff resulted in withdrawal from family and friends, mental problems, and loss of sleep. *Page 446 
In view of the above evidence, we find that plaintiff established damages as a consequence of the defendant's prosecution of her § 1983 suit, and $6,000 was appropriately awarded.
Defendant's second contention on appeal is that she acted on advice of counsel in filing her lawsuit against plaintiff after a full and fair disclosure of the facts.
We find it unnecessary to speak to this issue again, as it was addressed earlier in this opinion. Nothing more would be contributed to the law in our being redundant in addressing this issue again.
Finally, we pretermit our consideration of defendant Thompson's last contention, given our finding that plaintiff did not establish the essential elements necessary for a malicious prosecution action against defendant Thompson.
This case is due to be and is hereby affirmed in part and reversed in part and remanded for entry of a judgment not inconsistent with the above.
AFFIRMED IN PART; AND REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.