530 So.2d 730 (1988)
BARRETT MOBILE HOME TRANSPORT, INC.
v.
John McGUGIN, et al.
86-224.
Supreme Court of Alabama.
February 12, 1988.
Rehearing Denied July 29, 1988.
John W. Cooper, Valley Head, for appellant.
Joseph C. McCorquodale III of McCorquodale & McCorquodale, Jackson and M. Clay Alspaugh and James P. Rea of Hogan, Smith, Alspaugh, Samples & Pratt, Birmingham, for appellees.
BEATTY, Justice.
Appeal by defendant, Barrett Mobile Home Transport, Inc. ("Barrett"), from an interlocutory order (see Rule 5, A.R.App.P., "Appeal by Permission") in favor of the plaintiffs, John and Lois McGugin and Harry and Brenda Willis, in plaintiffs' action against Barrett for malicious prosecution.
This case presents a question of first impression in Alabama, viz., whether a claim for malicious prosecution accrues at *731 the time the trial court renders its judgment in the proceeding complained of, notwithstanding a later appeal from that judgment.
The McGugins and the Willises filed an action against Barrett for damages arising out of Barrett's transportation of a mobile home belonging to the plaintiffs. In the course of that action, Barrett filed a counterclaim against the plaintiffs, seeking damages for storage and repair expenses incurred during Barrett's handling of the mobile home. Later, Barrett amended its counterclaim, adding a second count against the Willises which sought a deficiency judgment on the note and security interest in the mobile home.
That case proceeded to trial on February 27, 1980. Barrett dismissed its first counterclaim prior to the submission of the case to the jury. The jury awarded damages to the McGugins and found in favor of the Willises on Barrett's second count of its counterclaim, for the deficiency judgment. Thereafter, Barrett filed several post-judgment motions.
On April 2, 1980, while these motions were pending, the plaintiffs filed the present action for malicious prosecution based on the counterclaims that Barrett had filed in the underlying case. The trial court denied Barrett's post-judgment motions in the first action.
Barrett appealed the judgment in the underlying case, which was ultimately affirmed by the Court of Civil Appeals. 423 So.2d 1371. From that decision, a petition for writ of certiorari was filed in this Court, which we first granted but subsequently quashed on December 22, 1982. 423 So.2d 1375.
Nothing occurred in the present malicious prosecution action until Barrett reopened the pleadings on July 22, 1985. Thereafter, in the course of pleading, the Willises amended their complaint in order to state that there had been a final termination of Barrett's second counterclaim in the plaintiffs' favor. The trial court granted Barrett's motion to strike that amendment to the Willises' complaint. Upon a motion to reconsider, the trial court set that order aside, thereby allowing the Willises' amended complaint to stand. It is from the September 8, 1986, interlocutory order allowing the amendment that Barrett appeals to this Court.
The issues presented for our review are:
(1) Whether a claim for malicious prosecution accrues at the time the trial court renders its judgment in the underlying proceeding, notwithstanding a later appeal from that judgment.
(2) Whether an action for malicious prosecution may be based on a counterclaim filed in the underlying proceeding.

I.
The threshold issue in this appeal is this: When does a cause of action for malicious prosecution accrue?
Barrett argues that the plaintiffs' filing of their malicious prosecution claim was premature in that there had been no final termination of the proceeding in favor of the plaintiffs, an essential element in the accrual of a malicious prosecution action. At the time the plaintiffs filed the present action on April 2, 1980, Barrett's post-judgment motions were still pending in the trial court. The appellate process was finally exhausted more than two years later, when this Court quashed Barrett's writ of certiorari as having been improvidently granted. Nevertheless, in allowing the plaintiffs to amend their complaint, the trial court ruled that the claim for malicious prosecution accrued upon the entry of the trial court's judgment in the underlying proceedings. We disagree with that determination; however, because this is a question of first impression in Alabama, our decision will be prospective in its application.
In Kroger Co. v. Puckett, 351 So.2d 582 (Ala.Civ.App.1977), the Court of Civil Appeals noted the elements necessary to maintain a suit for malicious prosecution. These include:
"(1) institution or continuation of an original judicial proceeding, either civil or criminal; (2) by or at the instance of the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of *732 probable cause for the proceeding; and (6) injury or damage as the result of the prosecution's complaint."
(Emphasis added.) 351 So.2d at 585. It is with respect to the third of these elements that Barrett claims error, arguing that the plaintiffs' action for malicious prosecution was premature, since it was filed before the final appellate disposition of the underlying case.
In its brief, Barrett refers this Court to the cases of Johnston v. Duke, 284 Ala. 359, 224 So.2d 906 (1969), and Johnson v. Byrd, 279 Ala. 491, 187 So.2d 246 (1966), for the proposition that a plaintiff in a malicious prosecution action must wait for an appeal to be decided in its favor in order to show the requisite termination favorable to the plaintiff. However, in each of those cases, the malicious prosecution plaintiffs were restrained from seeking relief until a favorable appellate termination because they had lost in the underlying case. Clearly, those cases are not analogous to the case sub judice, since the present plaintiffs successfully defended against Barrett's allegedly malicious counterclaims.
Although the question of the effect of an appeal from a favorable judgment in the underlying proceeding on a plaintiff's right to maintain an action for malicious prosecution is one of first impression in Alabama, there is ample authority on this issue from other jurisdictions. One line of cases holds that the right to commence an action for malicious prosecution accrues upon the entry of the judgment in the underlying proceeding, and that this right is not affected by an appeal from that judgment. Allen v. Burdette, 89 W.Va. 615, 109 S.E. 739 (1921); Foster v. Denison, 19 R.I. 351, 36 A. 93 (1896); Levering v. National Bank of Morrow County, 87 Ohio St. 117, 100 N.E. 322 (1912). In the Levering case, the Ohio Supreme Court recognized that, while an appeal would not be grounds for dismissing a malicious prosecution action, the pendency of an appeal might be a good reason for a stay of the malicious prosecution proceeding until the disposition of the appeal. See also, Daniel v. Pappas, 16 F.2d 880 (8th Cir.1926); Luby v. Bennett, 111 Wis. 613, 87 N.W. 804 (1901).
On the other hand, the weight of authority supports the rule that the pendency of an appeal precludes a malicious prosecution action. The Restatement (Second) of Torts § 674, comment j (1977), reflects the majority view in its commentary on the requirement in § 674(b) that the underlying proceedings must "have terminated in favor of the person against whom they are brought":
"A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail." (Emphasis added.)
See also Annot., 41 A.L.R.2d 863 (1955); 54 C.J.S. Malicious Prosecution § 56, at 1024 (1948) ("The general rule seems to be that the action will not lie during the pendency of an appeal from a judgment rendered in the proceedings complained of"); 52 Am. Jur.2d Malicious Prosecution § 44 at 212 (1970) ("Generally ... where an appeal has been taken from the judgment rendered in the allegedly malicious suit, the pendency of the appeal precludes the maintenance of an action for malicious prosecution, since the proceedings are not considered terminated until after the rendition of judgment in the appellate court").
This majority rule advances a compelling interest. In postponing the filing of a malicious prosecution action until the disposition of the case on appeal, this rule eliminate repetitious and unnecessary litigation. As the Court of Appeals of Arizona has noted, "[i]t would be a waste of judicial resources to allow the plaintiff in the malicious prosecution action to prosecute his claim only to have it rendered meaningless if later the appeal of the underlying action is decided against him." Moran v. Klatze, 140 Ariz. 489, 682 P.2d 1156, 1159 (Ct.App. 1984). We hold, therefore, that the pendency of an appeal will preclude an action for malicious prosecution.
*733 While our decision will preclude the initiation or continuation of an action for malicious prosecution during the pendency of an appeal, the problem remains as to the appropriate judicial response when the malicious prosecution plaintiff files the action prior to the time the appeal is taken. If a cause of action for malicious prosecution is deemed to accrue at the entry of final judgment in the underlying case, any malicious prosecution action filed in the period between the trial court's entry of judgment and the expiration of the time for filing a notice of appeal would be overshadowed by the specter of the losing party's right of appeal. Indeed, if that party filed a notice of appeal, the malicious prosecution action would then be due to be dismissed, since the proceedings would not be considered terminated until after the appellate court's decision.
There is authority for the proposition that a cause of action for malicious prosecution accrues upon the entry of the trial court's judgment, notwithstanding a pending right to appeal. Luby, supra, 87 N.W. at 806; Gibbs v. Haight, Dickson, Brown & Bonesteel, 183 Cal.App.3d 716, 228 Cal.Rptr. 398 (1986). Nevertheless, we follow those courts that have held that the accrual of a malicious prosecution action is postponed until appeal is precluded, thus eliminating the filing of needlessly premature cases. We agree that it is "a waste of judicial resources and inequitable" to allow a malicious prosecution plaintiff to file the action while there is a right to appeal extant. Parisi v. Michigan Townships Ass'n, 123 Mich.App. 512, 332 N.W.2d 587, 591 (1983). We hold that a malicious prosecution action does not accrue until the time for filing a notice of appeal in the underlying case has expired; and, if an appeal is taken, the action for malicious prosecution will not accrue until the appeal has been finally decided. In so holding, we adopt the approach of the Florida courts on this issue, as stated in Cazares v. Church of Scientology, 444 So.2d 442, 447 (Fla.Dist. Ct.App.1983):
"The statute of limitations for a malicious prosecution action would not start until the appeal was decided, or the time for taking such an appeal had expired, because the cause of action would not accrue until the last element (termination favorable to the plaintiff) occurred."
Thus, in Alabama, the accrual of the cause of action triggers the running of the two-year statute of limitations for filing an action for malicious prosecution. Section 6-2-38, Code of 1975 (Cum.Supp.1986).[1]
The present plaintiffs' cause of action for malicious prosecution was prematurely filed, i.e., before the appeal was resolved. Ultimately, however, the appeal was decided in the plaintiffs' favor. While the plaintiffs would ordinarily be compelled to refile their complaint, nevertheless, we apply the rule we have adopted prospectively and decline to hold the trial court in error for allowing the then-premature complaint to remain extant. Therefore, under the circumstances of this first-impression case, we affirm the trial court's order allowing the amended complaint to stand.

II.
We now address the question of whether an action for malicious prosecution may be based on a counterclaim filed by Barrett in the underlying proceeding. As noted above, the elements of a cause of action for malicious prosecution include the "initiation or continuation of an original judicial proceeding ... by or at the instance of the defendant." Kroger Co., 351 So.2d at 585. See also Turner v. J. Blach & Sons, 242 Ala. 127, 5 So.2d 93 (1941). Barrett argues that its filing of counterclaims against the plaintiffs in the underlying case should not be construed as the initiation or continuation of original judicial proceedings and that the plaintiffs' claims are unfounded. Nevertheless, we agree with the statement at 52 Am.Jur.2d Malicious Prosecution § 14 (1970) that "[a]n action for malicious prosecution may be based upon the interposition of a malicious cross-complaint or counterclaim ... since *734 interposing such a cross-action is the equivalent of the institution of an independent action." (Emphasis added.) On this basis, the filing of a counterclaim maliciously and without probable cause may be a proper predicate for an action for malicious prosecution. Slee v. Simpson, 91 Colo. 461, 15 P.2d 1084 (1932); Kolka v. Jones, 6 N.D. 461, 71 N.W. 558 (1897); Annot., 65 A.L.R.3d 901 (1975).
In Bertero v. National General Corp., 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608 (1974), the court rejected numerous grounds for disallowing such a cause of action, among them the contention argued here, that a cross-action filed by the defendant did not "initiate" a judicial proceeding. In holding that an action will lie for the malicious prosecution of a cross-complaint, the California court noted that the harm to society and the opponent caused by the malicious filing of a cross-action without probable cause is substantially similar to that caused by the filing of a meritless complaint to initiate a proceeding. We hereby adopt the rationale of Bertero, and the other cases cited above, in holding that an action for malicious prosecution may be predicated on a counterclaim filed in the underlying proceeding.
Because the rule we adopt is prospective, we decline to require these plaintiffs to file their complaint anew. Accordingly, the trial court's order of September 8, 1986, is due to be affirmed. It is so ordered.
AFFIRMED.
All the Justices concur.

ON APPLICATION FOR REHEARING
BEATTY, Justice.
The issue we must resolve on rehearing is whether the voluntary dismissal of an allegedly malicious civil cause of action may constitute a termination in favor of the party defending against that action for the purpose of bringing a malicious prosecution action.
A clarification of certain facts is necessary. Barrett's allegedly malicious counterclaim in the underlying proceeding contained two counts: the first, against the McGugins (for storage and repair expenses); and the second, against the Willises (for a deficiency judgment on the note and security interest in the mobile home). At trial, Barrett voluntarily dismissed the first count of its counterclaim prior to its submission to the jury, yet the jury found in favor of the Willises on Barrett's second count of the counterclaim. Thereafter, the McGugins and the Willises filed a two-count complaint for malicious prosecution, thus commencing the present action. In the course of pleading, Barrett's motion to strike the complaint was denied as to the McGugins, but granted as to the Willises. The Willises attempted to amend their half of the complaint (in order to allege a final termination in their favor), and we affirmed the trial court's order allowing the Willises' amended complaint to stand. The McGugins' half of the complaint, however, had never been struck and remained viable pending the appellate decision.
Barrett contends that the first count of this action (the McGugins') is due to be dismissed since it complains of the first count of the allegedly malicious counterclaim, i.e., the one against the McGugins which Barrett voluntarily dismissed. In support of its argument, Barrett cites the cases of Evans v. Alabama Professional Health Consultants, Inc., 474 So.2d 86 (Ala.1985), and Thompson v. Kinney, 486 So.2d 442 (Ala.Civ.App.1986). In Evans, this Court held that a stipulation of dismissal which all of the parties in the prior suit signed was not a termination of judicial proceedings in favor of the defendant for purposes of filing a malicious prosecution action against the plaintiffs. We noted that the stipulation in that case was in the nature of a settlement and not in favor of either party. Evans, 474 So.2d at 88. In Thompson, the Court of Civil Appeals cited the Evans case and stated that there were no facts to persuade it that a voluntary dismissal without prejudice (and not involving any stipulation between the parties) should be viewed differently than in the Evans case; thus, the court held that there was no termination of the judicial proceedings in favor of the malicious prosecution *735 plaintiff. 486 So.2d at 444. While Barrett relies on these cases in arguing that there was no termination in favor of the McGugins for the purpose of bringing a malicious prosecution action, we, nevertheless, disagree.
There is authority in other jurisdictions for the proposition that a voluntary dismissal of a civil action does not qualify as a favorable termination for the defendant in the underlying proceeding. Zahorsky v. Barr, Glynn & Morris, P.C., 693 S.W.2d 839 (Mo.App.1985) (not a favorable termination unless there is a concession on the merits or abandonment of the claim); Florida Rock Industries, Inc. v. Smith, 163 Ga.App. 361, 294 S.E.2d 553 (1982). Other jurisdictions require that the voluntary dismissal reflect on the merits of the case or indicate that there has been some adjudication of the underlying factual issues. Executive Commercial Services v. Daskalakis, 74 Ill.App.3d 760, 31 Ill.Dec. 58, 393 N.E.2d 1365 (1979); Pronger v. O'Dell, 127 Wis.2d 292, 379 N.W.2d 330 (Ct.App.1985); Arison Shipping Co. v. Hatfield, 352 So.2d 539 (Fla.Dist.Ct.App.1977); Berman v. RCA Auto. Corp., 177 Cal.App.3d 321, 222 Cal.Rptr. 877 (Dist.Ct.App.1986).
Nevertheless, we follow the better reasoned authority in holding that the requirement of showing a favorable termination may be satisfied by showing that the civil action in question was abandoned or dismissed. While a termination in favor of a prior defendant for purposes of bringing a malicious prosecution action may occur in a number of ways, we now establish that a final determination on the merits is not necessary and that a voluntary dismissal "without prejudice" will suffice. Wong v. Tabor, 422 N.E.2d 1279 (Ind.Ct.App. 1981); Colli v. Kamins, 39 Conn.Supp. 75, 468 A.2d 295 (1983); Annot. 30 A.L.R. 4th 572 (1984).
In its commentary on the requirement of a favorable termination, the Restatement (Second) of Torts § 674, comment j (1977), states the rule we adopt:
"Civil proceedings may be terminated in favor of the person against whom they are brought ... by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them....
"Whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought and whether the withdrawal is evidence of a lack of probable cause for their initiation, depends upon the circumstances under which the proceedings are withdrawn." (Emphasis added.)
One situation in which a withdrawal or abandonment will not constitute a favorable termination is when there is evidence that the proceedings were ended under the terms of a compromise or settlement agreement. As stated in Evans, supra, "[c]ourts look with favor on settlements"; therefore, where the dismissal of a claim is part of a settlement agreement, that termination is not favorable to the defendant below in all aspects and will not support a malicious prosecution claim. Wilson v. Brooks, 369 So.2d 1221 (Ala.1979).
Another set of circumstances in which a voluntary dismissal will not support a claim of malicious prosecution is where an action is withdrawn solely to be filed in another forum and where the complaint is promptly refiled. In Ramsey v. Leath, 706 F.2d 1166 (11th Cir.1983), the Eleventh Circuit Court of Appeals, applying Alabama law, held that such a termination does not constitute a termination in favor of the initial defendants for purposes of filing a malicious prosecution action.
We emphasize that this holding does not mitigate the strict requirement that a malicious prosecution plaintiff show not only that the action complained of has been terminated, but also that it was commenced maliciously and without probable cause. Turner v. J. Blach & Sons, 242 Ala. 127, 5 So.2d 93 (1941). These required elements are no easy hurdle for a plaintiff to overcome, and an action for malicious prosecution remains one that is not favored in law. *736 Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1959).
In recognition of the favor with which courts view compromise and settlement, we do not disturb our holding in Evans; therefore, any civil proceedings terminating in such an agreement will not support a subsequent malicious prosecution action. However, to the extent that Thompson v. Kinney is in conflict with our holding today, that case is overruled.
OPINION EXTENDED; APPLICATION OVERRULED; AFFIRMED.
All the Justices concur.
NOTES
[1] This Code provision is not applicable to the parties before us, who were subject to the former § 6-2-39, with its one-year period of limitations.