RICHARD L. HOLMES, Retired Appellate Judge.
In November 1992 L.D.B. filed a complaint against her ex-husband, E.R.J., accusing E.R.J. of sexually abusing their adopted daughter. A grand jury hearing ensued, followed by a jury trial.
The jury returned a verdict against E.R.J., and on June 30, 1994, the trial court entered a judgment based on that verdict. E.R.J. was sentenced to 75 years in prison. On August 18,1995, the Alabama Court of Criminal Appeals entered an order, affirming that judgment. E.R.J., in turn, appealed to our supreme court.
On July 1, 1996, while E.R.J.’s appeal was still pending before our supreme court, E.R.J. filed a complaint against L.D.B., alleging malicious prosecution. L.D.B., in turn, filed a motion to dismiss E.R.J.’s complaint, pursuant to Rule 12(b)(6), Ala. R. Civ. P.
The trial court set a hearing on L.D.B.’s motion to dismiss. Thereafter, E.R.J. filed a motion, wherein he requested that the trial court postpone the proceedings in the malicious prosecution action until the appeal from the underlying criminal judgment had been decided. The trial court denied that motion. Following a hearing on October 10,1996, the trial court dismissed E.R.J.’s malicious prosecution action. The trial court apparently determined that E.R.J. had filed his complaint prematurely. E.R.J. subsequently filed a motion to alter, amend or, in the alternative, vacate the judgment, which the trial court denied.
E.R.J. appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal E.R.J. contends that the trial court erred in not postponing the malicious prosecution proceedings pending the outcome of his appeal from the underlying criminal judgment.
*152 The dispositive issue on appeal is whether the trial court erred in dismissing E.R.J.’s malicious prosecution claim.
At the outset we note that our supreme court, in Barrett Mobile Home Transport v. McGugin, 530 So.2d 730, 733 (Ala.1988), stated the following:
“We hold that a malicious prosecution action does not accrue until the time for filing a notice of appeal in the underlying case has expired; and, if an appeal is taken, the action for malicious prosecution will not accrue until the appeal has been finally decided.”
Thus, “the pendency of an appeal will preclude an action for malicious prosecution.” Id. at 732.
In Delchamps, Inc. v. Larry, 613 So.2d 1235, 1238 (Ala.1992), our supreme court stated the following:
“In order to maintain an action for malicious prosecution, [E.R.J.] has to prove the following elements: (1) a prior judicial proceeding; (2) instigated by [L.D.B.]; (3) without probable cause; (4) with malice; (5) which was terminated in favor of [E.R.J.]; and (6) damages.”
(Emphasis added.)
In regard to the fifth element, we would note that E.R.J. filed his appeal in the instant case on December 12,1996, while the underlying criminal appeal was still pending before our supreme court. On April 25, 1997, our supreme court entered an order, affirming the judgment of the Court of Criminal Appeals and, thus, disposing of the criminal case. In other words, E.R.J.’s criminal case was “terminated,” and that termination was not in his favor. Obviously, E.R.J. failed to meet the criteria set forth in Delchamps.
Clearly, E.R.J. filed his malicious prosecution complaint prematurely and, thus, the trial court did not err in dismissing his complaint. Barrett Mobile Home Transport. E.R.J. maintains that he had no choice but to file the claim when he did because, he says, the statute of limitations was about to expire. However, as stated previously, an “action for malicious prosecution will not accrue until [an] appeal has been finally decided.” Id. at 733.
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.