TORBERT, Chief Justice.
This action for malicious prosecution and abuse of process arose from a dispute over the payment of an income tax deficiency that was assessed against appellant Janis Davidson and appellee Russell Davidson. Janis and Russell were divorced in July of 1978. Shortly thereafter, the Internal Revenue Service and the state notified the Davidsons of the existence of a tax deficiency for the years 1975, 1976, and 1977, years for which they had filed joint returns. Janis agreed to pay a portion of the tax liability in the same percentage as her income bore to the joint income reported (this portion was less than one-half of the deficiency). The parties disagree on whether Janis later refused to pay this amount or whether Russell refused to accept her offer. Russell paid the entire amount of the deficiency. In February of 1979, Russell filed in the circuit court a “Rule Nisi and Petition to Modify” the divorce decree concerning several disputed *200 debts with Janis, the tax deficiency being one of them. The circuit court granted relief to Russell in connection with the other matters, but denied relief as to the tax deficiency. There is deposition testimony that the circuit judge stated that he thought he lacked jurisdiction over the tax matter since it arose after the divorce.
Russell subsequently filed an action in district court in September 1979, seeking one-half of the deficiency. That action was dismissed; there was deposition testimony that the district judge dismissed that action on res judicata grounds and then told Russell’s attorney to refile in order to pursue the theory that Janis had made an oral promise to pay. Russell then filed another complaint in district court in July 1980, alleging that Janis owed him $600.00 as the percentage of the tax deficiency she had originally agreed to pay. A trial was held and a judgment was entered for Janis.
Throughout all of these proceedings, Robert Lee was Russell’s attorney, and Lee was named a defendant, along with Russell, in Janis’s malicious prosecution action.
In January 1981, Janis commenced her malicious prosecution action, and in August 1986, the circuit court granted Russell and Lee summary judgment. Janis has appealed, arguing that there was a scintilla of evidence that the appellees acted maliciously and did not have probable cause to prosecute the three previous proceedings regarding the tax deficiency.
As this Court has often stated, “[Wjhere there is a scintilla of evidence in favor of the non-movant’s position, summary judgment is inappropriate. Further, the burden is on the movant to demonstrate that no genuine issue of fact exists. All reasonable inferences from the facts, viewed most favorably to the non-movant, are indulged.” Kimbrel v. Mercedes-Benz Credit Corp., 476 So.2d 94, 96 (Ala.1985).
Malicious prosecution actions are not favored in the law, and they face stringent limitations. Evans v. Alabama Prof. Health Consultants, 474 So.2d 86, 88 (Ala.1985). The elements of such actions were set forth in Evans:
“In order for a plaintiff to maintain an action for malicious prosecution, the following elements are essential: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of.”
474 So.2d at 87-88.
“It is axiomatic that a charge of malicious prosecution must be supported by proof of a lack of probable cause and malice.” Liberty Loan Corp. of Gadsden v. Mizell, 410 So.2d 45, 48 (Ala.1982). “Probable cause in malicious prosecution cases is that state of facts which would lead a person of reasonable prudence to honestly believe that the claims put forth in the prior suit would prevail.” Allen v. Molton, Allen & Williams Realty Co., 495 So.2d 27, 30 (Ala.1986). It is the plaintiff’s burden to prove that probable cause did not exist when the prior suit was instituted. Gulf States Paper Corp. v. Hawkins, 444 So.2d 381, 388 (Ala.1983). “When the facts as they relate to the issue of probable cause are undisputed, ... the question of whether the facts constitute probable cause is one of law for the court and not an issue for the jury to decide.” Id., at 390.
In this case it is undisputed that the tax deficiency was assessed against both Russell and Janis. Janis admits in her deposition that she agreed to pay a portion of the tax deficiency, that she communicated her willingness to pay to both Russell and Lee, and that she never paid any portion of the deficiency. We believe that a person of reasonable prudence could honestly believe that the claims for the tax deficiency put forth in the prior suits would prevail.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
*201 MADDOX, HOUSTON and STEAGALL, JJ., concur.
ALMON, J., concurs in the result.