MADDOX, Justice.
This case involves a claim by a plaintiff that the jury verdict in his favor was inadequate.
William Grant Anderson was injured in an automobile accident on May 10, 1985. While attempting to pass a school bus, Anderson was hit from behind by a truck owned by defendant Walker Williams Lumber Company and driven by defendant Lee Earl Clark. Anderson testified that his injuries included pain in his knee, back, neck, and elbow and a ringing in his ears. Defendants stipulated at trial that plaintiff had incurred reasonable and necessary medical bills in the amount of $10,250. The extent of Anderson’s injuries and the amount of his damages for those injuries, other than the stipulated amount, were contested at trial. The jury awarded Anderson $25,000, and he made a motion for a new trial based upon the alleged inadequacy of the damages awarded. The trial court denied his motion, and Anderson appealed. We affirm.
The law is clear. “The assessment of damages is a matter within the discretion of the jury in the first instance, and in the discretion of the trial judge on a motion for a new trial.” Carter v. Reid, 540 So.2d 57, 60 (Ala.1989). A jury verdict is presumed to be correct and should not be set *1023 aside on the ground of inadequacy of damages unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, bias, prejudice, mistake, or improper motive. Brown v. Seaboard Coast Line R.R., 473 So.2d 1022 (Ala.1985); Montgomery City Lines, Inc. v. Davis, 261 Ala. 491, 74 So.2d 923 (1954).
As stated earlier, the evidence of Anderson’s damages and their amount was contested in this case, and, after reviewing the record, we cannot say that the jury’s award was so inadequate as to indicate plainly that it was the result of passion, bias, prejudice, mistake, or improper motive. Anderson’s main argument is that the amount of his damages for medical bills and for loss of capacity to work because of physical disability in and of themselves exceed $25,000, with no award for pain and suffering. At trial, the defendants stipulated that Anderson had reasonable and necessary expenses for medical bills in the amount of $10,250, but they contested whether Anderson’s expenses for psychiatric care were reasonable or necessary. Further, although the defendants stipulated that the amount of $10,250 was reasonable and necessary, they contested their liability for that amount. Defendants also vigorously contested whether Anderson suffered a “post-traumatic syndrome” or a “post-traumatic stress disorder,” as Anderson claimed. The jury could have believed the defendants’ contention that some of those damages, if suffered, were not accident related. The learned trial judge was in a position to determine whether the jury award was inadequate, and he refused to disturb the jury verdict.
Therefore, the trial court’s denial of Anderson’s motion for new trial is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur. '