Victoria L. Doty Lolley appeals from a summary judgment for the defendant, Charter Woods Hospital, Inc. (hereinafter referred to as "the Hospital"), on her claim of false imprisonment against the Hospital. We affirm.
Mrs. Lolley was first admitted to the Hospital on January 15, 1987, and was discharged on February 13, 1987. During this time, Mrs. Lolley was assigned to the addictive disease unit of the Hospital and was on a detoxification regimen. Lolley's initial diagnosis was "attempted suicide" and "alcohol abuse"; her final diagnosis was: 1) "adjustment disorder with depressed mood and suicide attempt"; and 2) "alcohol abuse." Lolley was eventually discharged, without medication being prescribed, but she was advised to return for out-patient counseling and follow-up.
Lolley failed to attend out-patient counseling and was readmitted to the Hospital on April 8, 1987. Upon readmission, Dr. Charles R. Hicks, Jr., Mrs. Lolley's psychiatrist during both hospitalizations, made the following diagnosis: 1) "adjustment disorder with depressed mood"; 2) "intrauterine pregnancy"; and 3) "mixed substance abuse." Lolley was again assigned to the Hospital's addictive disease unit and was again placed on a detoxification regimen.
Lolley completed detoxification but often complained about being in the Hospital and denied having any problems that would warrant her stay. Because Lolley still threatened suicide and was still taking phenobarbital (prescribed during detoxification), Dr. Hicks did not view her as a safe risk outside the Hospital. When detoxification was complete, Lolley demanded to leave, but Dr. Hicks thought that she did not yet possess judgment sufficient to warrant her being discharged into her own custody. As an alternative, Dr. Hicks suggested that a blood relative or an attorney check Lolley out of the Hospital. On April 13, 1987, Tom Motley, an attorney, came to the Hospital, and Lolley was discharged — against medical advice — into Motley's custody. On October 5, 1989, Lolley sued the Hospital, alleging false imprisonment. A summary judgment for the Hospital was entered on April 10, 1990.
Rule 56(c), A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment motion was properly granted, the reviewing court must review the motion and the evidence in a light most favorable to the nonmovant. Ryan v.Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981), Turnerv. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala. 1985). Rule 56 is read in conjunction with the "substantial evidence rule" (§12-21-12, Ala. Code 1975) in regard to actions filed after June 11, 1987. See Bass v. South-Trust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, a party must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The evidence reflects that when Lolley was readmitted to the Hospital on April 8, 1987, a consent-to-treatment form was *Page 1225 
signed by Phillip C. Doty, who at that time was her husband. The consent form specifically stated that the patient, or the patient's next of kin, voluntarily consented to any and all treatment considered advisable by the patient's physician. In Alabama, "false imprisonment" is defined as the unlawful detention of the person of another for any length of time whereby that person is deprived of his or her liberty. Ala. Code 1975, § 6-5-170. And it has been stated that the true test in determining false imprisonment is not the extent of the restraint, or the means employed, but the lawfulness of the restraint. 35 C.J.S. False Imprisonment § 5 at 628.
By allowing her husband to sign the consent-to-treatment form, Lolley agreed to the treatment selected by Dr. Hicks; Dr. Hicks placed her on phenobarbital. In his affidavit, Dr. Hicks stated that while Lolley was on phenobarbital he felt that she was not a safe risk outside the Hospital and therefore did not allow Lolley to leave. The treatment Lolley consented to placed her at risk if she left the Hospital. Dr. Hicks recognized the risk and was in the best position to accurately evaluate and reduce the risk. He felt that direct supervision by the Hospital's staff was the best way to protect Lolley from herself; this is what he ordered. Such a decision was not a deviation from the authority granted to Dr. Hicks to subscribe advisable treatment. Dr. Hicks's decision to keep Lolley at the Hospital until detoxification was completed was not an unlawful detention, because Lolley granted to Dr. Hicks the power to prescribe the treatment he thought advisable. Part of that treatment was making sure that Lolley did not harm herself.
Once detoxification was complete, Dr. Hicks did agree to Lolley's leaving the Hospital against medical advice, but only if a blood relative or an attorney accepted custody. Lolley was allowed free access to a telephone and was offered Hospital staff assistance in contacting a family member. Clearly, Dr. Hicks was concerned about Lolley's hurting herself, and this concern served as the basis of his decisions, but Dr. Hicks did not stand in the way of Lolley's leaving once detoxification was completed. Dr. Hicks acted only to make sure that Lolley would not harm herself; his actions were reasonable in light of the facts and Dr. Hicks's personal knowledge of Lolley's condition.
The Hospital made a prima facie showing that there was no genuine issue of material fact, and that it was entitled to a judgment as a matter of law. Rule 56(c), Bean v. Craig,557 So.2d 1249, 1252 (Ala. 1990). Lolley failed to produce substantial evidence to rebut that showing.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.