Charter Hospital of Mobile (Charter) filed suit against Annise Uphaus (Uphaus) to collect unpaid hospital charges totalling $19,068.20, allegedly due from Uphaus on an open account. Uphaus denied the charges and counterclaimed against Charter for, inter alia, false imprisonment, malicious prosecution, and abuse of process. She also filed against Dr. Pamela Brewer, by an impleader. The trial court granted summary judgment against Uphaus and entered a judgment on a jury verdict in favor of Charter for $6,824.50 plus costs. Both parties appeal.
Our review of the entire record reveals facts pertinent to this appeal. Uphaus voluntarily admitted herself to Charter in June 1988, under the care of Dr. Brewer, for treatment of severe depression. Dr. Brewer had previously treated Uphaus during a prior admission to another hospital for the same problem. On the present admission, there was evidence of suicidal tendencies in Uphaus in the form of thoughts and feelings of helplessness, loneliness, and emptiness.
Sometime during August 1988, Uphaus expressed a desire to be released from Charter. Dr. Brewer advised Uphaus that she could be released if she contracted with Dr. Brewer relating to suicide, follow-up treatment, and medication. Uphaus refused to enter the contract with Dr. Brewer, but said she would enter such a contract with her psychologist, Dr. Faye Pierce. Uphaus believed that her relationship with Dr. Brewer was destructive and anti-therapeutic, and sought a change in doctors. Sometime thereafter, she began to question the need for further treatment and contended that being in the hospital was imposing a financial burden upon her. Dr. Pierce advised Uphaus that if she left the hospital "against medical advice," she might have difficulty receiving treatment in the future.
Due to Uphaus's suicidal ideation, Dr. Brewer sought legal counsel as to the feasibility and advisability of an involuntary commitment. Thereafter, on September 15, 1988, involuntary commitment proceedings were initiated by Charter. Due to the failure of Charter to establish the occurrence of a recent overt act in accordance with Ala. Code 1975, § 22-52-10, the action was dismissed at the hearing held September 16, 1988. Thereafter, pursuant to negotiations between the parties and their counsel, an oral agreement was reached to discharge Uphaus without including the words "against medical advice" written on her records, in exchange for a release of Charter and Dr. Brewer of some liability. Thereafter, Uphaus was discharged; however, Uphaus refused to sign the proffered written agreement releasing Charter and Dr. Brewer of all civil liability.
Subsequent to the filing of the complaint and counterclaim, on February 12 and 13, 1990, the trial court granted Charter's and Dr. Brewer's motions for summary judgment on all claims asserted by Uphaus in her counterclaims. Charter's collection claim against Uphaus was tried before a jury, which returned a verdict in favor of Charter and against Uphaus in the amount of $6,824.50 plus costs.
Thereafter, on March 23, 1990, upon consideration of additional evidence, the trial court modified its prior summary judgment order to once again grant summary judgment in favor of Dr. Brewer with respect to all claims asserted by Uphaus. Still further, on April 20, 1990, the trial court vacated the orders of February 12 and 13, 1990, and modified the March 23, 1990, order to grant summary judgment to both Charter and Dr. Brewer. *Page 1142 
Initially, Charter contends that Uphaus's appeal is untimely as to the summary judgments entered on February 12 and 13, 1990, and should be dismissed. Charter contends that the orders of February 12 and 13, 1990, were final judgments which could not be modified ex mero motu after 30 days, and that the trial court had no authority under Rule 59, A.R.Civ.P. to correct, modify, or amend its judgments.
Uphaus contends, persuasively, that in situations where multiple claims and parties are present, the trial court's determinations of some of those claims are not appealable until all claims are finally adjudicated. Bowman v. Integrity CreditCorp., 507 So.2d 104 (Ala.Civ.App. 1987). There is no express determination in the record by the trial court that the orders of summary judgment, which were entered prior to the final order in this case, were considered as final, appealable judgments. Rule 54(b), A.R.Civ.P. See Bowman, supra. Those orders, being interlocutory in nature, were subject to modification at any time before entry of the final judgment.Boyd v. Boyd, 447 So.2d 790 (Ala.Civ.App. 1984); Rheams v.Rheams, 378 So.2d 1125 (Ala.Civ.App. 1979).
The time for appeal could not begin until the judgment was a final appealable judgment. Accordingly, the appeal time began on the date of the denial of Charter's post-judgment motion, i.e., on March 28, 1990. Uphaus's notice of appeal was filed April 26, 1990, well within the forty-two days prescribed in the rules.
Next we consider Uphaus's contentions that summary judgment was improper on her claims against Charter and Dr. Brewer. The law regarding summary judgment is well established. Rule 56, A.R.Civ.P. provides that summary judgment is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Further, the party moving for summary judgment has the burden of negating the existence of a material fact. Rule 56, A.R.Civ.P.; Melton v. Perry CountyBoard of Education, 562 So.2d 1341 (Ala.Civ.App. 1990). When a motion for summary judgment is made and supported as provided in the rule, a party adverse to such a motion must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.Civ.P. Since this action was filed after the adoption of Ala. Code 1975, § 12-21-12, proof by substantial evidence is the test when passing on a motion for summary judgment. Bass v. South-Trust Bank of Baldwin County,538 So.2d 794 (Ala. 1989). We are bound to carefully and thoroughly review the entire record in a light most favorable to Uphaus, the non-movant. Mann v. City of Tallassee, 510 So.2d 222 (Ala. 1987).
Uphaus contends that Charter falsely imprisoned her. False imprisonment consists of the unlawful detention of a person for any length of time whereby one is deprived of one's personal liberty. Ala. Code 1975, § 6-5-170. In bringing this action, Uphaus has the burden of proving that the defendants held or confined her against her will.
Our review of the record reveals the following undisputed facts which are pertinent to the false imprisonment charge. Uphaus voluntarily admitted herself to Charter under the care of Dr. Brewer for therapy and treatment for severe depression. At some point, prior to a planned release, Uphaus began discussing the terms of her release with Dr. Brewer. Uphaus was agreeable to some, but not all, of the terms: (1) She did not want to be treated further by Dr. Brewer, but her efforts to find another physician were not successful; (2) she expressed financial concerns about continued hospitalization; and (3) she did not want the words "against medical advice" placed in her medical records, which she had previously been advised would be done if she left the hospital without the doctor's consent. Charter is not a locked or secure facility. Uphaus, who never demanded release nor sought to leave, was not restrained in any way by either defendant.
Uphaus did not present evidence to controvert these facts and there is simply no evidence in the record to support Uphaus's *Page 1143 
claim that anyone unlawfully detained her at Charter.
Next we consider the issues of malicious prosecution and abuse of process. Actions for malicious prosecution are not favored in the law, and, hence, face stringent limitations.Evans v. Alabama Professional Health Consultants, Inc.,474 So.2d 86, (Ala. 1985). To sustain the charge of malicious prosecution, Uphaus must prove the following elements: (1) the institution of original judicial proceedings, (2) by, or at the instance of, the defendants, (3) the termination thereof in Uphaus's favor, (4) malice in instituting the proceedings, (5) lack of probable cause for the proceedings, and (6) injury or damage suffered by Uphaus as a result of the action. Evans,supra. The chief distinction between abuse of process and malicious prosecution is that the former rests on the improper use of regularly issued process, while the latter has to do with wrong in the issuance of the process or in causing the process to be issued. Wilson v. Brooks, 369 So.2d 1221 (Ala. 1979).
In the charges of malicious prosecution and abuse of process, the plaintiff must prove malice and lack of probable cause.Tapscott v. Fowler, 437 So.2d 116 (Ala. 1983). Uphaus bears the burden of proving that probable cause did not exist when the prior suit was instituted. Davidson v. Davidson, 510 So.2d 199
(Ala. 1987). The question of whether the facts constitute probable cause is one of law for the court to decide. Davidson,supra. It is well settled that advice of counsel, honestly sought and acted on in good faith, supplies an indispensable element of probable cause for legal action, and is a complete defense in an action for malicious prosecution. Hanson v.Couch, 360 So.2d 942 (Ala. 1978). To prevail on this defense, it must be shown that the attorney's advice was given on a full and fair statement of all the facts and circumstances known.Hanson, supra.
Uphaus's suggestion that the defense, with advice of counsel, is not available because there was no full and fair disclosure of all material facts and circumstances in this case, is without merit. The record clearly shows that the defendants provided the attorney with the detailed and specific relevant facts. The commitment proceedings, which were instituted on the advice of counsel, were initiated to protect Uphaus. This is especially true in view of counsel's testimony that regardless of the facts and circumstances, he preferred to err in favor of the mental health of Uphaus after having fully advised both defendants of the consequences of bringing such an action. In view of the above undisputed facts and the applicable law, the summary judgment of the trial court was proper.
We now turn to Charter's issue on cross-appeal regarding the trial court's ruling on a motion for judgment notwithstanding the verdict, and to set aside the verdict as being inconsistent and contrary to the evidence presented. We begin with the principle that under Alabama law jury verdicts are presumed correct. Merrill v. Badgett, 385 So.2d 1316 (Ala.Civ.App. 1980). The presumption in favor of the correctness of jury verdicts will not be set aside unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice, or other improper motive.Anderson v. Clark, 548 So.2d 1022 (Ala. 1989). Additionally, the correctness of the jury verdict is strengthened when the trial court denies a party's motion for judgment notwithstanding the verdict, or in the alternative, a motion for new trial. Merrill, supra. We have carefully and thoroughly reviewed the record and find nothing to support Charter's argument regarding the jury verdict.
Charter additionally alleges in its brief that it was erroneous for the detention issue to be considered by the jury in determining the amount owed to Charter by Uphaus. The record reveals that Uphaus testified as to her desire and her efforts to leave the hospital and discontinue services. More importantly, at the conclusion of the trial of the case, the court instructed the jury that Uphaus was liable for all necessary and reasonable hospital expenses incurred during her stay at Charter; "with this condition, [Uphaus] would not be liable *Page 1144 
for any part of the bill for such services incurred during any period of time in which [Uphaus] was prevented either actually or constructively by the hospital from leaving the hospital."
Upon concluding the instructions to the jury, the court questioned the parties, "All right. What says the plaintiff?" Mr. Miller, the attorney for plaintiff/Charter, responded, "Your Honor. No exceptions." Mr. Browning, the attorney for defendant/Uphaus responded, "No exceptions." No exception having been taken to the court's instruction to the jury as to its duty, Charter is now precluded from arguing this on appeal. Rule 51, A.R.Civ.P.
Based on the foregoing, this case is in all respects due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.