ALMON, Justice.
Robin Day appeals from a summary judgment entered by the trial court in favor of the defendant, Providence Hospital (“Providence”), on Day’s action alleging false imprisonment. The issue for our review is whether, in response to the summary judgment motion, Day presented substantial evidence that he had been unlawfully detained by Providence.
In 1985, Day injured his back during the course of his employment when a tree fell on him. Since that time, Day has suffered extensive pain from this injury, and has undergone two operations on his back; these operations have been only moderately successful in relieving the pain. After these operations, the worker’s compensation carrier for Day’s employer placed Day in the care of Dr. Robert Manolakas, a rehabilitative specialist.
On March 30, 1990, Dr. Manolakas recommended to Day that he undergo “pain management therapy”; pain management therapy is psychiatric therapy designed to help patients afflicted with chronic pain overcome the depression that sometimes accompanies such pain. Dr. Manolakas referred Day to Dr. Arthur DuMont of Providence Hospital for this treatment. In his affidavit, Day stated that he believed Dr. Manolakas was sending him to Providence for rest and light therapy; he stated that he did not know that he was being sent for a psychiatric evaluation and treatment.
Day went to Providence about 5:30 in the afternoon on March 30. His admission was handled by the Providence nursing staff, and after Day had signed several consent forms one of the nurses took him to the secured psychiatric ward of the hospital. Day remained in the secured ward all night. The next morning, Dr. DuMont examined Day. Dr. DuMont determined that Day was alert, oriented, and cooperative; Dr. DuMont also found no evidence of psychosis or impairment of cognitive function or judgment. Dr. DuMont therefore transferred Day to the open psychiatric ward of the hospital for treatment. Day participated willingly in the therapy for the following seven days. Day then brought this action against Providence, alleging false imprisonment.
In reviewing a summary judgment, this Court must first determine if the movant showed, prima facie, that no genuine issue of material fact existed and that the movant was entitled to a judgment as a matter of law. Ala.R.Civ.P. 56(c); Bean v. Craig, 557 So.2d 1249 (Ala.1990). If the movant carried this burden, we must determine if, in response, the nonmovant presented “substantial evidence” creating a genuine issue of material fact. Ala.Code 1975, § 12-21-12(d). Substantial evidence has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Found *1275 ers Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
False imprisonment is defined as “the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty.” Ala. Code 1975, § 6-5-170. In the context of medical institutions, our cases hold that a patient must be held against his will in order to support an action for false imprisonment. Lolley v. Charter Woods Hosp., Inc., 572 So.2d 1223 (Ala.1990); Uphaus v. Charter Hosp. of Mobile, 582 So.2d 1140 (Ala.Civ.App.1991). Day argues that Providence falsely imprisoned him by admitting him to the secured psychiatric ward without his knowledge and without the order of a doctor; Day points out that the affidavit of Providence’s vice-president establishes that the personnel of the hospital have no authority to admit patients without the order of a doctor. He specifically argues that the affidavit of Dr. Manolakas, taken in a related lawsuit, establishes that Dr. Manolakas referred him to a “Dr. Durant” at Providence for treatment. Day asserts that, because there is no Dr. Durant on the Providence staff, and because he was not examined by Dr. DuMont until the morning after his stay in the secured ward, he was admitted into the secured ward without a doctor’s order.
This Court does not agree with the factual or logical content of Day’s arguments. First, it is obvious that the name “Durant” in Dr. Manolakas’s affidavit is a typographical error. In that same affidavit, Dr. Ma-nolakas states, “I referred Robin Day to Dr. DuMont for evaluation and treatment.” Also, it is clear from the admitting documents that Day was admitted on March 30 pursuant to the telephone order of Dr. Du-Mont, who is undisputedly a physician on Providence’s staff. Therefore, in order to accept Day’s argument, this Court must first accept the premise that the telephone order was invalid because Dr. DuMont had not examined Day before giving the order. This we decline to do, because Day fails to cite any authority — either in the rules of the hospital or the law of this state — for this proposition. Therefore, we hold that the evidence indicated Day was admitted pursuant to a valid doctor’s order.
There is another, even more compelling, basis for affirming this judgment. Upon being admitted, Day signed several consent forms. He specifically consented to any medical treatment that his attending physician deemed necessary, and an admitting document entitled “Physican’s Orders” reveals that Dr. DuMont ordered the staff to place Day in the secured ward. While the notes taken by the nursing staff do reveal that Day was “anxious and hesitant” about being admitted, this is not enough to invalidate the consent form signed by Day. Lolley v. Charter Woods Hosp., Inc., 572 So.2d 1223 (Ala.1990) (fact that patient wanted to leave a detoxification program against her doctor’s orders insufficient to invalidate the consent form she had signed). We also note that Day never requested to leave the hospital, and in fact remained for a week after his admission to participate in the program. Day has not presented substantial evidence that he was held against his will; therefore, the trial court properly entered the summary judgment in favor of Providence.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.