John William Bogle, Jr., filed a complaint against Chris Galanos, individually and as district attorney for Mobile County, and against other defendants who are not parties to this appeal. Several of the other defendants were investigators for the State of Alabama.
The complaint contained five counts which purported to allege causes of action for false arrest, malicious prosecution, false imprisonment, deprivation of rights in violation of 42 U.S.C. § 1983, and conspiracy to commit the alleged acts. The complaint further alleged that Bogle was indicted and arrested on charges of illegal possession of phenobarbitol, codeine, and diazepam. These charges were later dismissed.
Galanos's motion to dismiss was granted on the ground of prosecutorial immunity. A final judgment was entered pursuant to Rule 54(b), A.R.Civ.A.
The case can be better understood by quoting from the charging parts of the complaint:
1. First cause of action: "Defendants maliciously, and without probable cause therefor, caused the Plaintiff to be arrested under a warrant issued by the warrant magistrate of Mobile County, Alabama."
2. Second cause of action: "Defendants caused the Plaintiff to be arrested and imprisoned on charges of possession of phenobarbitol, possession of codeine, and possession of diazepam. Said arrest and imprisonment were unlawful."
3. Third cause of action: "Defendants did intentionally place the Defendant [sic] in a false light in the public eye by procuring indictments against the Plaintiff on charges of possession of phenobarbitol, possession of codeine, and possession of diazepam, by securing the arrest of the Plaintiff as a result of said indictments, and by continuing the prosecution of said charges maliciously and without probable cause therefor."
4. Fourth cause of action: "[T]he Defendant did intentionally conspire to deprive the Plaintiff of his liberty by procuring indictments against him on charges of possession of phenobarbitol, possession of codeine, and possession of diazepam, which said indictments had no basis in law or in fact, by procuring the arrest of the Plaintiff subsequent to the aforesaid indictments, and by continuing the prosecution of said indictments maliciously and without probable cause therefor."
We first address Bogle's federal claim under § 1983. We have reviewed a considerable number of federal cases which have grappled with the difficult questions of prosecutorial immunity. With few exceptions, the prosecutor is shielded with either an absolute or a qualified immunity. The federal circuit courts are not always uniform in deciding whether absolute or qualified immunity applies. If absolute immunity applies, then obviously dismissal is proper without further consideration. For reasons that follow, we hold that absolute immunity applies in this case and affirm the judgment of dismissal.
 "The doctrine of absolute prosecutorial immunity from civil damages suits under § 1983 for actions 'intimately associated *Page 1219 
with the judicial phase of the criminal process' was expressly recognized in Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128
(1976). The more difficult question arises in a situation where functions performed by a prosecutor 'cast him in the role of an administrator or investigative officer rather than that of advocate,' id. at 430-431, 96 S.Ct. at 995. In such cases, a qualified good-faith immunity applies rather than the absolute immunity associated with the judicial process. [Citations omitted.]
 "In Imbler, absolute prosecutorial immunity was extended to allegations that a prosecutor knowingly used false testimony and suppressed material evidence at trial. 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33. In Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979), this Court held that allegations of filing an information without an investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison and threatening defendant with further criminal prosecution were within the absolute immunity recognized in Imbler, and could not be the basis for recovery under § 1983."
Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984).
The conclusory allegations of the complaint fall within the absolute immunity described in Fullman. Ordinarily these allegations might satisfy the rules of notice pleading and survive a motion to dismiss, but they are insufficient here. Where immunity is involved, the complaining party must specifically allege facts to show how the acts of the defendant are beyond the scope of the immunity. Absolute immunity would not be absolute if it did not support a motion to dismiss. To hold otherwise would subject the prosecutor to numerous vexatious summary judgment proceedings and would undercut the very foundation of the rule.
In the words of Judge Learned Hand, who wrote of the prosecutor's immunity from actions for malicious prosecution:
 "As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."
Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).
To resolve the issues raised in regard to Bogle's claims alleging causes of action under state law, we need not address common law immunity, because it is sufficient to say that the immunity under state law in this case is at least as broad as immunity under a § 1983 action.
The judgment of dismissal is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY and STEAGALL, JJ., concur.