The plaintiff, Everett L. Almon, appeals, pro se, from the trial court's dismissal of his claims against the defendants, E.C. Gibbs, Jack C. Riley, Alvis E. Tidwell, and Elaine Lovin.
On August 5, 1988, Everett Almon was asked to leave a courtroom in the Cullman County Courthouse where a grand jury had been impaneled. Almon was advised that his behavior was interfering with the functions of the grand jury. First, the district attorney asked Almon to leave, and later the grand jury foreman asked Almon to leave. Unswayed, Almon continued to disturb the proceedings. Subsequently, the presiding judge asked Almon to leave. When this request was ignored, the court ordered Almon to vacate the premises under penalty of contempt. Following Almon's refusal to leave the courtroom, the judge found Almon in contempt of court and sentenced him to two days in the Cullman County Jail.
On September 21, 1988, Almon sued E.C. Gibbs, the grand jury foreman; Alvis E. *Page 19 
Tidwell, the district attorney; Jack E. Riley, the circuit judge presiding over the grand jury; and Elaine Lovin, district clerk and warrant magistrate of Cullman County, alleging that these officials, through their actions in not allowing him to testify before the grand jury and by their refusal as a grand jury to issue, at his request, an indictment, violated his constitutional rights. Elaine Lovin was apparently named by Almon in this suit because she refused to issue certain warrants which he requested. Almon sought relief under42 U.S.C. § 1983, 1985(3), and 1986.
Riley and Tidwell filed pro se motions to dismiss Almon's action, pursuant to A.R.Civ.P. 12(b)(6). The trial court granted these motions on October 4, 1988, and October 6, 1988, respectively. On October 18, 1988, the office of the Attorney General filed motions to dismiss on behalf of all the defendants, asserting: that the complaint failed to state a claim upon which relief could be granted; that the defendants were entitled to absolute judicial and prosecutorial immunity from suit; and that the defendants were entitled to sovereign immunity pursuant to Alabama Constitution 1901, Article I, § 14. The motion further averred that Almon's complaint was patently frivolous, meritless upon its face, and baseless in fact and in law, and that the defendants, therefore, deserved to be awarded costs and attorney fees pursuant to Code 1975, §§12-19-270 et seq., the "Litigation Accountability Act."
The trial court found that the complaint was without merit upon its face as to all defendants and, moreover, that all defendants were entitled to immunity, based on the allegations of the complaint. Consequently, the trial court dismissed the case. The issue presented this Court for review is whether the trial court abused its discretion in dismissing Almon's complaint.
We find, without reaching any other issue, that the defendants named in this suit were clearly acting within the boundaries of their capacities as officials of the court, and, therefore, that their actions were absolutely immune from any liability that may arise under 42 U.S.C. § 1983, 1985, or1986. Hence, we affirm the trial court's dismissal of Almon's suit.
The United States Supreme Court long ago carved out an exception to the general rule articulated in 42 U.S.C. § 1983; that general rule is that:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
The exception established as a "principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v.Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871). Stumpv. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331
(1978). Thus, the Court determined that the phrase "[e]very person" in fact means "every person except judges." Pierson v.Ray, 386 U.S. 547, 559, 87 S.Ct. 1213, 1220, 18 L.Ed.2d 288
(1967) (Douglas, J., dissenting).
In the case of McAlester v. Brown 469 F.2d 1280, 1282 (5th Cir. 1972), the Fifth Circuit Court of Appeals developed a four-prong test to be used when determining when this exception applies. That test requires this Court to find that immunity exists when the following four questions are answered affirmatively: (1) was the precise act complained of a normal judicial function? (2) did the event that gave rise to the claim made the subject of the suit occur in a courtroom setting or in the judge's chambers? (3) did the controversy center upon a case pending before the judge? and (4) did the confrontation arise directly and immediately out of a visit to the judge in his official capacity? See also, Harper v. Merckle,638 F.2d 848, 858 (5th Cir. 1981) cert. denied, 454 U.S. 816, *Page 20 102 S.Ct. 93, 70 L.Ed.2d 85 (1981); Harris v. Deveaux 780 F.2d 911,914 (11th Cir. 1986).
When this test is applied to the facts in the present case, we can reach but one conclusion. Judge Riley was presiding over the impaneling of a grand jury, which is, of course, a normal judicial function; the event occurred in his courtroom and centered upon matters that were then pending before him; and the confrontation arose out of Almon's visit to the judge in his official capacity. Judge Riley's actions were, therefore, immune from suit by Almon, and the trial court correctly dismissed Almon's claim against him.
Moreover, warrant magistrates are accorded the same immunity as judges. Scott v. Dixon, 720 F.2d 1542, 1546 (11th Cir. 1983),cert. denied, 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64
(1984). Consequently, where a clerk of court is performing a duty that requires the exercise of judgment and discretion in its performance, it is considered a judicial act entitling the clerk to judicial immunity. This absolute immunity for acts within the jurisdiction of the judicial officer is extended even where the officer acts in error, maliciously, or in excess of his authority. Stump, at 357, 98 S.Ct. at 1105; Scott, at 1546.
In the present case, the warrant magistrate, Elaine Lovin, is clearly a judicial officer. It is further clear that, in making a determination as to whether an arrest warrant should issue, Lovin was acting in a judicial capacity; it was well within her discretion to determine whether probable cause existed before issuing a warrant. See, Code 1975, § 15-7-3. The trial court, therefore, correctly found that Lovin was entitled to absolute judicial immunity and properly dismissed the complaint against her.
Likewise, members of grand juries and grand jury foremen are entitled to absolute immunity where the violations alleged against them are based upon acts performed by them in their official capacities. See, Cawley v. Warren, 216 F.2d 74, 76
(7th Cir. 1954). Thus, the trial court correctly dismissed the complaint against E.C. Gibbs, foreman of the grand jury.
Finally, like Riley, Lovin, and Gibbs, District Attorney Alvis Tidwell is also immune from liability, because his actions on August 5, 1988, were taken in his official capacity and as an officer of the court. In Imbler v. Pachtman,424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court held that a state prosecutor who acted within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case was absolutely immune from civil suit for damages for alleged deprivations of the defendant's constitutional rights under 42 U.S.C. § 1983. See also, Fullman v. Graddick, 739 F.2d 553 (11th Cir. 1984);Jones v. Benton, 373 So.2d 307 (Ala. 1979); Bogle v. Galanos,503 So.2d 1217 (Ala. 1987). Because Tidwell was clearly acting in accordance with his role as district attorney, the trial court correctly dismissed Almon's complaint against him.
AFFIRMED.
JONES, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.