PARKER, Justice.[1]
The City of Greensboro and Marjorie Davis, the municipal court clerk and magistrate for Greensboro, defendants in an action pending in the Hale Circuit Court, petition for a writ of mandamus directing that court to grant their motion for a summary judgment on the basis of immunity and the failure of the plaintiff, Sandra Tubbs, to satisfy the necessary jurisdictional requirements or to prove her claim of negligence or wantonness. Because we hold that Davis is entitled to immunity, we pretermit any discussion of the other issues raised in this petition.

I. Background

On April 8, 1999, the municipal court for the City of Greensboro, located in Hale County, issued warrant no. 99125 for the arrest of Tubbs on a contempt charge for failure to pay fines and costs relating to six counts of negotiating a worthless instrument. On April 9, 1999, the same court issued warrant no. 99124 for the arrest of Tubbs for failure to appear with regard to another worthless-instrument charge.
On January 26, 2000, Tubbs was arrested on both warrants. Following Tubbs’s arrest, her mother arrived at Greensboro city hall and arranged to pay Tubbs’s fines in lieu of Tubbs’s serving jail time. Davis, as clerk of the municipal court and magistrate, recalled both warrants before Tubbs’s mother left city hall. Davis then telephoned a Hale County emergency 911 dispatcher, because the emergency 911 system was the only entity in the county with access to the Alabama Criminal Justice Information System (“ACJIS”) and the National Crime Information Center (“NCIC”). She told the dispatcher that the warrant-recall order would be coming and asked the dispatcher to direct ACJIS and NCIC to recall the warrants; the dispatcher indicated that the warrants would be recalled. Davis then sent the warrant-recall order to the dispatcher; she also gave one copy of the warrant-recall order to the chief of police of the City of Greensboro, one copy to a Greensboro police officer, and one copy to the Hale County Sheriffs Department. Davis also noted on the warrant-recall sheet posted on the wall of the police department that the warrant had been recalled.
On January 28, 2000, Tubbs’s mother paid Tubbs’s fines. On March 31, 2000, Tubbs received a speeding ticket from an Alabama state trooper. He gave no indication when he issued the speeding ticket to Tubbs that there were any outstanding warrants for her arrest. On November 9, 2001, a Tuscaloosa County deputy sheriff stopped Tubbs because her vehicle tag was expired, and during that stop the deputy discovered that Tubbs was operating the vehicle without insurance. The deputy arrested Tubbs because the NCIC showed *542 an active warrant for her arrest. Tubbs was detained for a short time in the Tuscaloosa County jail and then released when the Hale County emergency 911 dispatcher received notification from the City of Greensboro that the warrant had actually been recalled. Hale County emergency 911 records show that both warrants were cleared out of the system on January 26, 2000; however, a Hale County emergency 911 dispatcher mistakenly put warrant no. 99125 back into the NCIC computer on September 20, 2001. Hale County emergency 911 is not a division of or a department of, nor is it affiliated in any other way with, the City of Greensboro or its police department, but it is the only entity in Hale County with access to the NCIC.
On September 10, 2002, Tubbs sued the City of Greensboro and its clerk and magistrate, Davis, in the Hale Circuit Court, asserting several.claims, one of which alleged that she had been wrongfully arrested because of Greensboro and Davis’s negligence or wantonness, and seeking punitive damages. The City of Greensboro and Davis filed a motion to dismiss. After considering Greensboro and Davis’s motion to dismiss, the trial court dismissed with prejudice Tubbs’s claim for punitive damages, her claim alleging the tort of outrage, and her claim alleging wantonness against the City of Greensboro.
Following discovery, the City of Greensboro and Davis filed a motion for a summary judgment. They asserted (a) that Tubbs had failed to comply with the statutory notice requirements for a claim against a municipality and that her claim is therefore barred by the statute of limitations; (b) that Davis and Greensboro are entitled to discretionary-function immunity; (c) that Davis and Greensboro are entitled to judicial immunity; (d) that Tubbs failed to present evidence that raises a genuine issue of material fact as to whether Davis or Greensboro had been negligent or wanton; (e) that Tubbs failed to produce substantial evidence indicating that the City of Greensboro is liable under the theory of respondeat superior; and (f) that Tubbs’s claim is barred because she failed to name as a defendant an allegedly negligent third party.
On May 14, 2004, the trial court denied Greensboro and Davis’s motion for a summary judgment, and on June 4, 2004, the clerk entered the trial court’s denial of their motion. Greensboro and Davis then filed this petition for a writ of mandamus.

II. Standard of Review

This Court has recognized that mandamus is an extraordinary remedy requiring a showing of:
“ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the Court.’ ”
Ex parte City of Birmingham, 624 So.2d 1018, 1019 (Ala.1993) (quoting Ex parte Edgar, 543 So.2d 682 (Ala.1989)). Moreover, “ ‘ “[a]n appellate court reviewing a ruling on a motion for summary judgment will, de novo, apply [the] same standards applicable in the trial court.” ’ ” Ex parte Sawyer, 876 So.2d 433, 435 (Ala.2003)(quoting Ex parte Turner, 840 So.2d 132, 135 (Ala.2002), quoting in turn Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000)).

III. Legal Analysis

Judges acting in an official judicial capacity are entitled to absolute judicial immunity under Alabama law:
“Broad policy interests support allowing immunity for judges acting within their judicial capacity:
*543 “ ‘Since the English common law doctrine of absolute judicial immunity was recognized in the United States, courts have held its application necessary to preserve the system established for the administration of justice and the law. Judicial immunity arose because it was in the public interest to have judges who were at liberty to exercise their independent and impartial judgment about the merits of a case without apprehension of the personal consequences of exposure to potential damages liability from vexatious and frivolous actions prosecuted by disgruntled litigants.’ ”
City of Bayou La Batre v. Robinson, 785 So.2d 1128, 1132 (Ala.2000) (quoting 46 Am.Jur.2d Judges §■ 69 (1994) (footnotes omitted)). Judicial immunity extends to magistrates and court clerks performing judicial functions:
“This Court has extended the principle of judicial immunity to the discretionary judicial acts of magistrates and clerks of court:
“ ‘[Wjhere a clerk of court is performing a duty that requires the exercise of judgment and discretion in its performance, it is considered a judicial act entitling the clerk to judicial immunity. This absolute immunity for acts within the jurisdiction of the judicial officer is extended even where the officer acts in error, maliciously, or in excess of his authority.’
“Almon v. Gibbs, 545 So.2d 18, 20 (Ala.1989) (citing Stump v. Sparkman, [435 U.S. 349, 362 (1978) ], and Scott v. Dixon, 720 F.2d 1542 (11th Cir.1983)).”
Robinson, 785 So.2d at 1133. The extension of judicial immunity to magistrates and clerks reflects the role magistrates and clerks of court often play in our judicial system. In summarizing the holding in Robinson, Justice Lyons, in a special writing, stated:
“In City of Bayou La Batre v. Robinson, 785 So.2d 1128 (Ala.2000), we held that a magistrate’s failure to properly fax a warrant-recall order did not involve the type of judgment contemplated by [Ex parte] Cranman[, 792 So.2d 392 (Ala.2000),] that would shield the municipality from liability. We held that ‘the magistrate ... was, when she faxed the warrant-recall order to the police department upside down, executing an administrative duty that did not involve the exercise of judgment.’ ”
Swan v. City of Hueytown, 920 So.2d 1075, 1082 (Ala.2005) (Lyons, J., concurring in part and dissenting in part).
By contrast, Davis was clearly performing a judicial function that involved the exercise of judgment. She made certain decisions and undertook a number of specific actions to ensure that the arrest warrants were recalled: (1) she made arrangements with Tubbs’s mother for the payment of Tubbs’s fines and thereby determined that the arrangement proposed by Tubbs’s mother was acceptable; (2) she telephoned the Hale County emergency 911 dispatcher to notify the dispatcher that the warrant-recall order would be forthcoming; (3) she asked the Hale County emergency 911 dispatcher to convey to ACJIS and NCIC that the warrants had been recalled; (4) she issued the warrant-recall order; (5) she gave a copy of the warrant-recall order to the Greensboro police chief, to a City of Greensboro police officer, and to the Hale County Sheriffs Department; and (6) she wrote on the warrant-recall sheet, which was posted on the wall of the Greensboro Police Department, that the warrants had been recalled.
Davis’s actions, as a magistrate and court clerk for the City of Greensboro, were discretionary judicial acts. She is *544 entitled to absolute judicial immunity, and the City of Greensboro cannot be held liable for those acts. Consequently, we pretermit any discussion of the issue of discretionary-function immunity.

IV. Conclusion

Because we find that Davis’s actions were discretionary judicial acts, affording her absolute judicial immunity and precluding liability for the City of Greensboro, we grant the petition and issue a writ of mandamus directing the Hale Circuit Court to enter a summary judgment for the City of Greensboro and Marjorie Davis.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.

. This case was originally assigned to another Justice on this Court; it was reassigned' to Justice Parker.