PER CURIAM.
 

 Earnest Lee Walker, Sr., an inmate at Donaldson Correctional Facility, appeals from the judgment dismissing Walker’s civil action against Mobile County assistant district attorney Deborah Tillman. Tillman prosecuted Walker in March 2009, obtaining convictions against him on charges of burglary, sexual abuse, attempted sodomy, and obstructing justice.
 
 [1]
 
 In his complaint, Walker alleges that Tillman violated his civil rights, specifically, his right to due process under both the United States Constitution and the Alabama Constitution of 1901, by knowingly using what he said was false testimony to obtain the convictions.
 
 [2]
 
 Walker based his claim on discrepancies between the testimony that certain witnesses gave at pretrial proceedings and the testimony they gave at his criminal trial.
 

 Tillman moved to dismiss Walker’s civil action on the ground of prosecuto-rial immunity. The trial court granted the motion without elaboration. Walker, appearing
 
 pro se,
 
 appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 “The appropriate standard of review of a trial court’s [ruling on] a motion to dismiss is whether[,] ‘when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.’
 
 Nance v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993);
 
 Raley v. Citibanc of Alabama/Andalusia,
 
 474 So.2d 640, 641 (Ala.1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail.
 
 Nance,
 
 622 So.2d at 299. A ‘dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’
 
 Nance,
 
 622 So.2d at 299;
 
 Garrett v. Hadden,
 
 495 So.2d 616, 617 (Ala.1986);
 
 Hill v. Kraft, Inc.,
 
 496 So.2d 768, 769 (Ala.1986).”
 

 Lyons v. River Road Constr., Inc.,
 
 858 So.2d 257, 260 (Ala.2003); see also Rule 12(b), Ala. R. Civ. P.
 

 Walker asserts that, because he sued Tillman in her individual capacity, prosecutorial immunity does not shield her from liability for developing a trial strategy that he claims deliberately violated the law.
 

 In
 
 Van de Kamp v. Goldstein,
 
 555 U.S. 335, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009), the United States Supreme Court discussed the relationship between a prosecutor’s absolute immunity and qualified immunity, which applies to public officials who are sued in their individual capacities. In that case, Goldstein filed a petition for writ of habeas corpus, alleging that, in obtaining a murder conviction against him, prosecutors in the Los Angeles County District Attorney’s Office had relied in large part upon the testimony of a jail
 
 *1216
 
 house informant. Goldstein claimed that the informant’s testimony was unreliable and, indeed, false. He alleged that the informant had previously received reduced sentences for providing prosecutors with favorable information in other cases and that at least some prosecutors in the L.A. County District Attorney’s Office were aware of that favorable treatment. Gold-stein asserted that the prosecutors failed to provide that potential impeachment information to his attorney. 555 U.S. at -, 129 S.Ct. at 859.
 

 An evidentiary hearing was held on Goldstein’s petition. After the hearing, the federal district court agreed with Gold-stein that the informant had not been truthful and that, if the prosecutors had told Goldstein’s lawyer that, in the past, the informant had received reduced sentences in return for favorable testimony, “it might have made a difference” in Gold-stein’s case.
 
 Id.
 
 The district court ordered the state to hold a new trial or to release Goldstein. Goldstein had already served 24 years of his sentence, and the state decided to release him rather than retry him.
 
 Id.
 
 Upon his release, Gold-stein sued his prosecutors, who claimed absolute immunity. In holding that the prosecutors were entitled to absolute immunity in such a situation, the Supreme Court reasoned that a prosecutor
 

 “ ‘inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials.’
 
 [Imbler v. Pachtman,
 
 424 U.S. 409,] at 425-26, 96 S.Ct. 984 [ (1976) ]. The Court thus rejected the idea of applying the less-than-absolute ‘qualified immunity that the law accords to other ‘executive or administrative officials,’ noting that the ‘honest prosecutor would face greater difficulty than would those officials ‘in meeting the standards of qualified immunity.’
 
 Id.,
 
 at 425, 96 S.Ct. 984.”
 

 Van de Kamp,
 
 555 U.S. at —, 129 S.Ct. at 860. Thtis, Walker’s attempt to avoid Tillman’s defense of absolute immunity by suing her in her individual capacity must fail.
 

 Walker contends that, in allowing witnesses to testify falsely, Tillman acted outside of the scope of her duties as a prosecutor and, thus, should not be afforded absolute prosecutorial immunity. In
 
 Bogle v. Galanos,
 
 503 So.2d 1217, 1218 (Ala.1987), our supreme court discussed the application of the doctrine of absolute immunity in a case in which a prosecutor had been sued. The court stated:
 

 “ ‘The doctrine of absolute prosecu-torial immunity from civil damages suits under § 1983 for actions “intimately associated with the judicial phase of the criminal process” was expressly recognized in
 
 Imbler v. Pachtman,
 
 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976). The more difficult question arises in a situation where functions performed by a prosecutor “cast him in the role of an administrator or investigative officer rather than that of advocate,”
 
 id.
 
 at 430-431, 96 S.Ct. at 995. In such cases, a qualified good-faith immunity applies rather than the absolute immunity associated with the judicial process. [Citations omitted.]
 

 “ ‘In
 
 Imbler,
 
 absolute prosecutorial immunity was extended to allegations that a prosecutor knowingly used false testimony and suppressed material evidence at trial. 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33. In
 
 Henzel v. Gerstein,
 
 608 F.2d 654, 657 (5th Cir.1979), this Court held that allegations of filing an information without an
 
 *1217
 
 investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison and threatening defendant with further criminal prosecution were within the absolute immunity recognized in
 
 Imbler,
 
 and could not be the basis for recovery under § 1983.’
 

 “Fullman v. Graddick,
 
 739 F.2d 553, 558-59 (11th Cir.1984).
 

 “The conclusory allegations of the complaint fall within the absolute immunity described in
 
 Fullman.
 
 Ordinarily these allegations might satisfy the rules of notice pleading and survive a motion to dismiss, but they are insufficient here. Where immunity is involved, the complaining party must specifically allege facts to show how the acts of the defendant are beyond the scope of the immunity. Absolute immunity would not be absolute if it did not support a motion to dismiss. To hold otherwise would subject the prosecutor to numerous vexatious summary judgment proceedings and would undercut the very foundation of the rule.
 

 “In the words of Judge Learned Hand, who wrote of the prosecutor’s immunity from actions for malicious prosecution:
 

 “ ‘As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.’
 

 “Gregoire v. Biddle,
 
 177 F.2d 579, 581 (2d Cir.1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).
 

 “To resolve the issues raised in regard to Bogle’s claims alleging causes of action under state law, we need not address common law immunity, because it is sufficient to say that the immunity under state law in this case is at least as broad as immunity under a § 1983 action.”
 

 Bogle v. Galanos,
 
 503 So.2d at 1218-19.
 

 In this case, just as the plaintiff did in
 
 Imbler v. Pachtman,
 
 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), Walker sued Tillman alleging that she knowingly used false testimony to obtain his conviction. Clearly, Tillman is afforded the protection of absolute immunity, as recognized in
 
 Im-bler;
 
 thus Walker’s § 1983 claim, asserting deprivation of his rights under the federal constitution, must fail. As to Walker’s state-law claim, we rely on
 
 Bogle,
 
 supra, in which our supreme court held that immunity under state law in a case dealing with prosecutorial immunity is “at least as broad as immunity under a § 1983 action.”
 
 Bogle,
 
 503 So.2d at 1219. Accordingly, the trial court correctly dismissed Walker’s civil action on the basis of prosecutorial immunity.
 

 Because we find that Tillman was entitled to absolute immunity in this case, we pretermit discussion of Walker’s assertion that the trial court erred in granting the motion to dismiss without making specific findings of fact as to whether Walker “may possibly prevail.”
 

 For the reasons set forth above, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 All the judges concur.
 

 [1]
 

 . The Alabama Court of Criminal Appeals affirmed Walker's convictions, without an opinion.
 
 Walker v. State
 
 (No. CR-08-1521, Jan. 29, 2010),- So.3d -(Ala.Crim.App.2010) (table).
 

 [2]
 

 . Although Walker does not explicitly assert a claim under 42 U.S.C. § 1983 in his complaint, wé note that § 1983 provides a civil action for the deprivation of rights secured by the United States Constitution.